DAUKSCH, Judge.
This is an appeal from a denial of a writ of prohibition. Appellant had petitioned the circuit court to issue its writ to prohibit the county court from trying him for a driving under the influence charge.
The writ was sought because the state had violated appellant’s speedy trial rights. The “Amended Final Order Denying Writ of Prohibition” reads as follows:
Mr. Swalheim (hereafter referred to as “defendant”) was arrested for the criminal offense of driving under the influence of alcohol on September 30, 1996. Based on Florida Rule of Criminal Procedure 3.191, the 90-day speedy trial period would have expired on December 29, 1996. On November 21, 1996, the defendant filed approximately twenty pre-trial motions. The trial court noted that the motions were filed in good faith, but because of the court’s crowded docket, the court would not be able to hear the motions until January 17,1997. On December 19,1996, prior to the expiration of speedy trial on December 29, 1996, the State moved to extend speedy trial. Said motion was granted over the defendant’s objection and the trial was continued by the court until February 6, 1997 based on Florida Rule of Criminal Procedure 3.191(1) which states in part:
The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured:
* * * * * *
(4) by written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to ... hearings on pretrial motions....
On December 31, 1996, the defendant filed a notice of expiration of speedy trial, and a hearing was held on January 7,1997 where the motion was denied because speedy trial had previously been extended. On January 17, 1997, the court heard oral argument on the defendant’s pre-trial motions, but did not rule on said motions. On January 23, 1997, the defendant filed a motion for discharge because speedy trial had expired and on January 28, 1997 said motion was denied. On January 31, 1997, the State moved to again extend speedy trial and the court extended it a second time until March 11, 1997. On March 3, 1997, the defendant filed his petition for writ of prohibition.
Florida Rule of Criminal Procedure 3.191(I)(4) permits a court to extend speedy trial in order to allow the court sufficient time to hear and rule on pre-trial motions without forcing a defendant to waive speedy trial. The rule specifically permits a court to extend speedy trial so long as the delay is not unreasonable. At the time the defendant filed his motion for writ of prohibition, the trial court had validly extended speedy trial and thus, it had not lost jurisdiction to continue to hear the case. Since a writ of prohibition only applies when a court loses jurisdiction to hear a case, there is simply no authority for this Court to grant the writ of prohibition. Furthermore, sine [sic] the defen *580 dant filed twenty pre-trial motions, we do not find it an abuse of discretion for the trial court to have extended speedy trial under the rule. Therefore, the Petition for Writ of Prohibition is denied.
The question here is whether the time period for trying appellant was extended by the county court for a lawful reason and for a reasonable time. The answer as to both is no.
While it is correct that the time period can be extended “for hearings on pretrial motions,” it certainly is not true that any time pretrial motions are filed that the court may extend the trial period. The timeliness of the motions and the amount of hearing time necessary for the consideration of the motions are the primary, if not the only, things to be considered when deciding whether an extension of the speedy trial period is warranted. We acknowledge the large number of DUI cases which are always pending in the county courts and realize the limits on judicial manpower, but those facts are not, in themselves, valid reasons for extending the speedy trial periods. Although Florida Rule of Criminal Procedure 3.191(Z) allows an extension for exceptional circumstances, the rule excludes general congestion of the court’s docket as a valid reason for an extension. There is no need for any case to be dismissed for lack of judicial manpower because there are a sufficient number of judges to try the cases, even if temporary reassignments are necessary. This solution has occurred in the past and will likely occur in the future. Many times it might be encouraged. The reallocation of judicial resources is one good way for the proper and timely disposition of cases in all courts and all types of cases. The days of the single judge docket have passed, given the number of judges sitting in the counties and the inevitable ebb and flow of their various caseloads.
Here, the appellant filed approximately twenty pretrial motions (an extraordinary number) a little more than a month before trial. The trial judge specifically and repeatedly found that the motions were filed in good faith. The motions were not found to be frivolous or unwarranted or exceptional in any way except their number. When it came time for those motions to be heard, it only took two and one-half hours to hear them, we are told. As can be seen by the quoted order denying prohibition, much of the delay in taking appellant to trial was on account of the trial judge failing to rule on the motions after the hearing. This is most definitely not a proper or lawful reason to violate an accused’s right to a speedy trial.
Because the reason given, congestion of the court’s docket, was not a legally sufficient reason for extension of the speedy trial period and because the extension, even if it was acceptable, was for an unreasonable time, we quash the order denying the writ and remand this case to the circuit court for issuance of the writ of prohibition with directions to discharge appellant.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.